RECEIVED
IN CLERK'S OFFICE
APR 3 0 2012
U.S. DISTRICT COURT
MID. DIST. TENN.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

---

STEPHEN SAMPLES

        Plaintiff,

v.                                                Civil Action No.

CAPIO PARTNERS, LLC

        Defendant.

---

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

**PARTIES**

4. Plaintiff, Stephen Samples ("Plaintiff"), is a natural person who at all relevant times resided in the State of Tennessee, County of Rutherford, and City of Smyrna.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Capio Partners, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. In connection with collection of an alleged debt in default, Defendant sent Plaintiff initial written communication dated September 16, 2011, in which Defendant provided Plaintiff with the disclosures required pursuant to 15 U.S.C. 1692g(a) *et seq*.

12. On October 25, 2011 at 12:01 P.M., Defendant placed a call to Plaintiff's residential telephone, and at such time, left the following voicemail message:

> "This call is for Stephen Erik Samples. If this is Stephen Erik Samples, please press 1. To place this call on hold to allow time for this person to come to the phone, please press 2. If this person is not available, please press 3. If we have reached the wrong number for this person, please press 4 to speak with one of our representatives who will assist in correcting this matter."

13. In its voicemail message of October 25, 2011, Defendant failed to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

14. In its voicemail message of October 25, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

15. In its voicemail message of October 25, 2011, Defendant further failed to state that the purpose of the call was for obtaining or correcting location information.

16. Further, Defendant's call to Plaintiff on October 25, 2011, was disguised to appear as if it was placed from area code 615, the same area code as Plaintiff's telephone number, a misrepresentation of the origin of the calls intended to mislead Plaintiff to believe that the call was a local call for the purpose of communicating with a debt collector, an unfair and unconscionable means utilized in connection with the collection of a debt.

17. On October 28, 2011 at 5:24 P.M., Defendant placed a call to Plaintiff's residential telephone, and at such time, left the following voicemail message:

> "This call is for Stephen Erik Samples. If this is Stephen Erik Samples, please press 1. To place this call on hold to allow time for this person to come to the phone, please press 2. If this person is not available, please press 3. If we have reached the wrong number for this person, please press 4 to speak with one of our representatives who will assist in correcting this matter."

18. In its voicemail message of October 28, 2011, Defendant failed to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

19. In its voicemail message of October 28, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

20. In its voicemail message of October 28, 2011, Defendant further failed to state that the purpose of the call was for obtaining or correcting location information.

21. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692(d)(6)

22. Plaintiff repeats and re-alleges each and every allegation contained above in paragraphs 1 through 21.

23. Defendant violated 15 U.S.C. § 1692(d)(6) by placing a telephone call without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692(d)(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

24. Plaintiff repeats and re-alleges each and every allegation contained above in paragraphs 1 through 21.

25. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

26. Plaintiff repeats and re-alleges each and every allegation contained above in paragraphs 1 through 21.

27. Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff,

including but not limited to, misrepresenting the origin of its calls with the intent to mislead Plaintiff for the purpose of communicating with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f

28. Plaintiff repeats and re-alleges each and every allegation contained above in paragraphs 1 through 21.

29. Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including but not limited to, misrepresenting the origin of its calls with the intent to mislead Plaintiff for the purpose of communicating with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692b(1)

30. Plaintiff repeats and re-alleges each and every allegation contained above in paragraphs 1 through 21.

31. In the alternative, Defendant violated 15 U.S.C. § 1692b(1) by contacting Plaintiff, a third party, and failing to state that the call was made for the purpose of confirming or correcting location information about a consumer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. §§ 1692b, 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692c(b)

32. Plaintiff repeats and re-alleges each and every allegation contained above in paragraphs 1 through 21.

33. In the alternative, Defendant violated 15 U.S.C. § 1692c(b) by communicating with Plaintiff, a third party, without having received the prior consent of the consumer or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy in a manner other than prescribed by 15 U.S.C. § 1692b *et seq.*

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. §§ 1692b, 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

34.  Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 23, 2012

                Respectfully submitted,

                Stephen Samples

By: _____
Paul K. Guibao
Attorney for Plaintiff
Weisberg & Meyers, LLC
1448 Madison Avenue
Memphis, TN 38104
Telephone: (602) 445 9819
Facsimile: (866) 565 1327
Email: PGuibao@AttorneysForConsumers.com

*Please send correspondence to the address below*

Paul K. Guibao
Weisberg & Meyers, LLC
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012